```
 1  Jeffrey S. Davidson (SBN 143633)
    jeff.davidson@kirkland.com
 2  Tammy A. Tsoumas (SBN 250487)
    tammy.tsoumas@kirkland.com
 3  Jonathan J. Faria (SBN 274019)
    jonathan.faria@kirkland.com
 4  KIRKLAND & ELLIS LLP
    333 South Hope Street
 5  Los Angeles, California  90071
    Telephone: (213) 680-8400
 6  Facsimile: (213) 680-8500

 7  Kevin T. Van Wart, P.C. (admitted pro hac vice)
    kevin.vanwart@kirkland.com
 8  KIRKLAND & ELLIS LLP
    300 N. LaSalle
 9  Chicago, Illinois  60654
    Telephone:  (312) 862-2000
10  Facsimile:  (312) 862-2200

11  Attorneys for Defendants The Boeing
    Company, Rockwell Automation, Inc.,
12  Rockwell Collins, Inc., and Meritor, Inc.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA DAWSON et al., | CASE NO. CV12-10686-GW (JCGX) |
| Plaintiffs, | **DEFENDANTS' [PROPOSED] PROTECTIVE ORDER** |
| vs. | First Amended Complaint Filed: May 15, 2013 |
| THE BOEING COMPANY et al., | |
| Defendants. | Judge:        Hon. George Wu<br>Courtroom: 10 |
| | NOTE CHANGES MADE BY THE COURT. |

This Order shall govern the handling of Discovery Material in this Litigation (as defined below).

## DEFINITIONS

1. In this Order, the words and phrases set forth below shall have the following meanings. The singular of any defined term shall include the plural and vice versa:

(a) "Party" means any party to this Litigation, including all of its officers, directors, and employees;

(b) "Non-Party" means any person or entity that is not a named party to this Litigation;

(c) "Producing Party" means a Party or Non-Party that produces Discovery Material in this Litigation;

(d) "Receiving Party" means any Party or Non-Party that receives Discovery Material from a Producing Party;

(e) "Designating Party" means any Party or Non-Party that designates Discovery Material it produces under this Order;

(f) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Litigation;

(g) "CONFIDENTIAL" means any information that the Designating Party in good faith believes constitutes and reveals confidential and/or proprietary business information, non-public personal, client or customer information, or information for which unrestricted disclosure could be potentially prejudicial to the business or operations of the Designating Party. This includes, but is not limited to trade secret or

other confidential research, development, financial or other commercial information, and information describing engineering, research, development, or other technical material proprietary to the Designating Party or to third parties with whom the Designating Party is under an obligation of confidentiality;

(h) "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" means information that the Designating Party in good faith believes to be subject to the export and import control laws and regulations of the United States, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq.[1] Despite the entry of this Stipulated and Proposed Protective Order, the Parties expressly reserve their rights to challenge any designation. If a dispute arises as to whether certain Discovery Material has been appropriately designated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," the Parties will meet and confer regarding the designation and seek the intervention of the Court if necessary;

(i) "Confidential Material" means any Discovery Material designated by the Designating Party as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations";

---

[1] For the avoidance of doubt, if a document produced in this Litigation includes any marking to indicate that the document may be subject to import or export control that document shall be treated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."

(j) "Counsel" means the outside counsel of record of the Parties in this Litigation, and the other attorneys, paralegals, secretaries, and other support staff who assist them in connection with this Litigation;

(k) "Litigation" means the proceeding captioned *Debra Dawson et al. v. The Boeing Company et al.*, Case No. 12-cv-10686 (C.D. Cal.).

(l) "Final Termination" means when final judgment has been entered in this Litigation and any and all appeals have been exhausted.

## GENERAL RULES

2. Absent a court order, Confidential Materials must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below. Confidential Materials must not be used for any purpose other than in connection with this Litigation, unless and until such designation is removed either with the consent of the Designating Party, or by order of the Court.

3. The entry of this Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to the Designating Party with respect to the discovery of matters, including but not limited to the Designating Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or protections.

4. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of the Designating Party, nor obligate the Designating Party to provide any discovery to which it asserts objections.

5. Nothing in this Order shall be construed to preclude the Designating Party from asserting in good faith that certain Confidential Materials require additional protection beyond that provided for in this Order. The parties shall meet and confer to agree upon the terms of such additional protection.

6. Information and material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) Counsel;

(b) Employees of such counsel assigned to and reasonably necessary to assist such counsel in the Litigation, including supporting personnel employed or retained by the attorneys, such as paralegals, contract attorneys, photocopy, document imaging, and database services, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action;

(c) In-house counsel for a Party to the Litigation who have responsibility for making decisions dealing directly with the Litigation;

(d) Outside consultants or experts consulted by a Party or their counsel in connection with the Litigation, including jury consultants and mock jurors, (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) all outside consultants or experts, with the exception of mock jurors, comply with the requirements of this Order; (2) disclosure to mock jurors comports with this Order; and (3) they have signed the form attached as Exhibit A;

(e) Independent litigation support services consulted by a Party or their counsel in connection with the Litigation, including persons working for graphics or design services retained by counsel and reasonably necessary to assist counsel with the Litigation, provided that they have signed the form attached as Exhibit A;

(f) Any insurance provider of a Party to this Litigation that may be liable to satisfy all or part of a possible judgment in this Litigation or to indemnify or reimburse for payments made to satisfy any judgment in this Litigation;

(g)     This Court and its personnel;

(h)     Persons who appear on the face of Discovery Material as the author, addressee, or recipient thereof;

(i)     Any designated arbitrator or mediator who is assigned in the Litigation, or who has been selected by the Parties, and his or her staff, who have signed the form attached as Exhibit A;

(j)     Court reporters and videographers employed in connection with this case; and

(k)     Stenographic and clerical employees associated with the persons identified in subparagraphs (a) through (j) above.

7.    "CONFIDENTIAL" material shall not be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel and outside consultants or experts designated in subparagraphs 6(d) and paragraph 7 above. To the extent any "CONFIDENTIAL" material is sent or transmitted from or to authorized recipients outside of the Receiving Party's Counsel's office, or outside of the ESI vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted means.

8.    In addition to any confidentiality designation, information additionally designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall not be disclosed to any person who is not a U.S. Person as defined by the U.S. export control laws and regulations. Further:

(a)     Each Party or person who receives materials or information designated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall become familiar with U.S. export control laws and regulations, including, but not limited to, the

U.S. Arms Export Control Act, as amended, 22 U.S.C. § 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 *et seq.*, and shall adhere to all U.S. export control laws and regulations and requirements specified in those laws, rules, and regulations;

(b) If materials or information designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" are stored on a server, access to the server shall be password protected, access to the server shall be limited to those persons identified in Paragraph 10(a), and the server shall be maintained by only U.S. Persons as defined by the U.S. export control laws and regulations.

9. Any Confidential Materials presented to a court for filing must be filed under seal, identified as being subject to this Order, and protected from being opened except by court order.

10. Whenever a deposition or a hearing involves disclosure of Confidential Materials:

(a) The deposition or portions of the deposition must be designated as "CONFIDENTIAL" or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing information that is "CONFIDENTIAL" or "SUBJECT TO EXPORT CONTROL—U.S.

1  Arms Export Act, International Traffic In Arms Regulations, Export
2  Administration Act, U.S. Export Administration Regulations" after
3  transcription of the proceedings within ~~seven (7)~~ five (5)-global business days after the
4  transcript is made available. During those ~~seven (7)~~ five (5) business days, the
5  entire deposition transcript shall be deemed "CONFIDENTIAL" and
6  "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act,
7  International Traffic In Arms Regulations, Export Administration Act,
8  U.S. Export Administration Regulations. Should a party require
9  additional time to designate portions of a transcript, the parties may meet
10 and confer regarding an extension of time and any party may seek
11 intervention from the Court if necessary;

12      (b)    No persons except for those permitted access by this Order
13 shall by permitted to attend the deposition at such time as Confidential
14 Materials are disclosed. At a hearing or trial, Confidential Materials may
15 only be introduced or disclosed in a closed courtroom or in chambers.
16 No persons except for those permitted access by this Order shall be
17 permitted to attend any hearing or trial at such time as Confidential
18 Materials are disclosed;

19      (c)    The originals of the deposition, hearing, or trial transcripts
20 and all copies of such transcripts which have been designated as
21 containing Confidential Material under this Order must bear the legend
22 "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S.
23 Arms Export Act, International Traffic In Arms Regulations, Export
24 Administration Act, U.S. Export Administration Regulations" as
25 appropriate, and the original or any copy ultimately presented to a court
26 for filing must not be filed unless it can be accomplished under seal,
27 identified as being subject to this Order, and protected from being opened
28 except by court order.

11.   In no event shall any person receiving access to a Designating Party's Confidential Materials use it for commercial or competitive purposes, or make any public disclosure of the contents thereof.

12.   All materials produced by a Party in discovery which contain or disclose Confidential Materials, including but not limited to, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents, must be designated by the Party producing that material as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" according to the highest applicable designation for the Confidential Materials and the most stringent applicable export control classification under this Order.

13.   Before any materials are produced in discovery, including but not limited to, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents designated as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," are filed with a court, or disclosed at a hearing or trial for any purpose, the party seeking to file or otherwise disclose such material must seek permission from the Court to file the material under seal or to close the courtroom when such material is disclosed.

14.   At any stage of the Litigation, any Party may object to a designation of Discovery Material as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations." The Party objecting must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of

objections, the objecting Party may move the Court for a ruling on the objection. The materials at issue must be treated as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All Confidential Materials must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this Litigation. Counsel for each Party, and each person receiving Confidential Materials, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If a person subject to this Order learns that Confidential Materials have been disclosed to any person other than a person authorized by this Order, the person aware of or responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the Designating Party and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. If a Producing Party, through inadvertence, produces any information that is "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," and that the document or thing produced shall be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as "CONFIDENTIAL" and/or "SUBJECT

1 TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms
2 Regulations, Export Administration Act, U.S. Export Administration Regulations"
3 once the Producing Party so notifies the Receiving Party.

4     17. If a Producing Party at any time notifies a Receiving Party that the Producing Party has inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other privilege, that disclosure shall not be deemed a waiver—in the Litigation or in any other proceeding, including in Federal, State, arbitral or foreign proceedings—of the applicable privilege or protection. The Receiving Party shall, upon request: (i) immediately take reasonable efforts to return the privileged material or destroy all summaries or copies of such material; and, (ii) send a letter to the Producing Party stating that all such privileged material has been returned or destroyed. Such return or destruction, and subsequent letter, must occur within five (5) business days of receipt of the request. The return or destruction of any privileged material shall not preclude the Receiving Party from asking the Court for a ruling that the disclosed information was not privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstances that such privileged material has already been produced.

    18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this Litigation, in the course thereof, relying upon any Confidential Materials provided that the contents of the information must not be disclosed other than as described in this Order.

    19. Any information and/or documents which are available or have been made public through disclosure other than in this Litigation are not "CONFIDENTIAL" and are not subject to this Order.

    20. This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Materials and this Order is not a basis for a claim that

1 information is not discoverable or withholding information which is discoverable
2 under governing rules and case law.

3     21. Nothing within this Order will be construed to prevent disclosure of Confidential Materials if such disclosure is required by law or by order of the Court. If a party who receives Confidential Materials is served with a subpoena or an order issued in other litigation that would compel disclosure of such information, the party must so notify the Designating Party in writing immediately and in no event more than seven (7) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order may be subject to this Order and deliver to them a copy of this Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

    22. To the extent that any discovery is taken of a Non-Party, and in the event that a Non-Party contends that the discovery sought involves trade secrets, confidential business information, or other proprietary information, the Non-Party may agree to be bound by this Order, thereby compelling any Receiving Party of the Non-Party's materials to abide by the terms of this Order in their treatment and consideration of those materials.

    23. In advance of any trial in this Litigation, the Parties shall meet and confer to discuss what protections would be necessary for Confidential Materials that may be used at trial and bring any disputes to the Court's attention.

24. Unless the Parties otherwise agree in writing, within sixty (60) days of Final Termination of this Litigation, each Receiving Party and counsel for each Receiving Party must immediately destroy all Confidential Materials that remain Confidential under the terms of this Order or return all such materials to the Designating Party, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. The Receiving Party shall verify the return or destruction described herein by certification furnished to the Designating Party upon the Designating Party's request.

25. Unless the Parties otherwise agree in writing, within sixty (60) days of Final Termination of this Litigation, each Party and counsel for each Party must immediately destroy or return to the Designating Party all materials designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides, subject to applicable regulations and any requirements set forth in any export or import authorization from the controlling U.S. Government Agency. The Receiving Party shall verify the return or destruction described herein by certification furnished to the Designating Party upon the Designating Party's request.

26. This Order shall continue to be binding after the conclusion of the Litigation and all subsequent proceedings arising from this Litigation, except that a Party receiving Confidential Materials may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the Litigation is terminated.

27. The restrictions and obligations set forth within this Order will not apply to any information previously designated under this Order that: (a) the Designating Party agrees in writing should not be designated "CONFIDENTIAL"; or (b) the

Designating Party agrees, or the Court rules, is already public knowledge. Prior knowledge must be established by pre-production documentation. Notwithstanding any of the foregoing, the restrictions and obligations set forth within this Order applicable to materials designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" continue to apply to any materials so designated, regardless of whether or not such materials otherwise qualify as "CONFIDENTIAL" information.

28. Transmission by facsimile is acceptable for all notification purposes within this Order.

29. This Order may only be modified by agreement of all Parties under the terms of this Order, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings with notice provided to the Parties.

DATED: December 23, 2013          Respectfully submitted,

                                  KIRKLAND & ELLIS LLP

                                  /s/ Tammy Tsoumas

                                  Attorneys for Defendants
                                  The Boeing Company, Rockwell Automation,
                                  Inc., Rockwell Collins, Inc., and Meritor, Inc.

**IT IS SO ORDERED.**

DATED: 1-7, 2014

Hon. George H. Wu       JAY C. GANDHI
United States District Judge

13